[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10810

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EFRAIN RIVERA-MATOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00347-CEH-UAM-2

_____

2                      Opinion of the Court                    24-10810

Before JORDAN, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Justin Lighty, appointed counsel for Efrain Rivera-Matos in this direct criminal appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).[1] Our independent review of the entire record reveals that Lighty's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, Lighty's motion to withdraw on this basis is **GRANTED**, and Rivera-Matos's conviction and sentence are **AFFIRMED**.

---

[1] Although Rivera-Matos did not file a response to counsel's motion, his *pro se* notice of appeal included an allegation of ineffective assistance of counsel. To the extent that Rivera-Matos seeks to challenge his guilty plea based on ineffective assistance, the current record is insufficiently developed to support such a claim, but Rivera-Matos may further develop a factual record as to this issue in a collateral attack under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").